AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
WESTERN DISTRICT OF KENTUCKY

FILED
VANESSA L. ARMSTRONG, CLERK

OCT 25 2019

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| v. | ) | |
| | ) | Case No. 3:19-MJ-729 |
| JOSEPH SAMIR ZAKHARI | ) | |
| | ) | |
| *Defendant* | | |

## CRIMINAL COMPLAINT

I, Matt Hedden, the complainant in this case, state the following is true to the best of my knowledge and belief.

On or about and between October 6, 2019, and October 8, 2019, in Jefferson County in the Western District of Kentucky, the defendant violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 1470 | Attempted transfer of obscene material to a minor (under age 16) |
| 18 U.S.C. § 2422(b) | Attempted online enticement |

This criminal complaint is based on these facts:

X    Continued on the attached sheet

_____
*Complainant's signature*
Matt Hedden, Detective
Kentucky Office of Attorney General – Dept. Crim. Inv.
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 10/25/19

_____
*Judge's Signature*
REGINA S. EDWARDS
United States Magistrate Judge
*Printed Name and Title*

City and State: Louisville, Kentucky

RMC:JEL

## AFFIDAVIT

I, Matt Hedden, having been first duly sworn, do hereby depose and state as follows:

1. I have been employed as a Detective with the Kentucky Attorney General's Office Department of Criminal Investigations (DCI), since 2015, and am currently assigned to The United States Secret Service Electronic Crimes Task Force. Prior to my employment with DCI, I worked in law enforcement from 1994-2015, first with the Shelbyville (KY) Police Department for six years and then with the Anchorage Police Department for 15 years where I retired holding the rank of Lieutenant. As an investigator with DCI, I have investigated state and federal violations related to child exploitation and child pornography. I have gained experience through various trainings, conferences and everyday work relating to conducting these types of investigations. I have received training in the area of child exploitation and online solicitation.

2. I have not included each and every fact known to me concerning this investigation. I have set forth only those facts that I believe are necessary to establish probable cause to believe that Joseph Samir Zakhari violated federal law by: (1) using a facility and means of interstate commerce, to knowingly attempt to persuade, induce, and entice an individual, who had not attained the age of 18 years, to engage in sexual activity for which a person may be charged with a criminal offense, in violation of 18 U.S.C. § 2422(b); and (2) attempted to transfer obscene material to an individual under the age of 16, in violation of 18 U.S.C. § 1470.

3. While authorized by the Attorney General to conduct undercover investigations on the Internet, I conducted such an investigation October 6, 2019. In preparation for the investigation, I created an undercover account on the KiK[1] messenger application installed on my law

---

[1] KiK is a free social media application that uses a cellular telephone's wireless Internet connection to transmit and receive messages (including texts, photos, videos, and other content).

enforcement issued cellular phone. Based on my training and experience I am aware that the KiK application is used by persons seeking to exploit children over the Internet. In some instances, persons use KiK to facilitate meeting with minors for sexual contact.

4. As noted above, during the investigation, I created and maintained my identity as an Undercover Persona (UC) of a 15-year-old female living in Louisville, Kentucky. On October 6, 2019, I was contacted over KiK by an unknown subject (UNSUB) with the unique username: *jzakhari*. A conversation then developed over KiK that was made sexual by the subject. He requested details about the UC's sexual history, asked for sexual images of the UC, sent sexual images of his penis, and requested to meet in person for the two of them to engage in sex acts. The following is an excerpt of the messages from that conversation on October 7, 2019.

| | |
|---|---|
| Jzakhari- | Do you fuck random guys? |
| UC- | nr |
| UC- | I only been w 3 |
| Jzakhari- | Oh gotcha |
| Jzakhari- | Should we fuck? |
| UC- | idk |
| Jzakhari- | Do you like giving head? |
| UC: | Wdy like |
| Jzakhari- | I want you to ride me |
| Jzakhari- | I also want to fuck your ass |

The communications and sexual activity requested by Jzakhari (between an adult and 15-year-

---

It is known for the anonymity provided to its users.

old) constitute a violation of K.R.S. § 510.155 and an attempted violation of K.R.S. §§ 531.310 & 531.030. These messages occurred over the Internet and Telecom systems of the Commonwealth of Kentucky.

5. Affiant served an Administrative Subpoena on KiK. Because the company was in transition, a follow up request based on exigent circumstance was made. On October 8, 2019, KiK provided records pertaining to the communication thread between the UC persona and Jzakhari. Those records included an IP log that contained multiple addresses. One address in particular (216.135.94.66) appeared on multiple occasions. That IP address was resolved by the American Registry of Internet Numbers to Bluegrass.net in Louisville, Kentucky.

6. On October 8, 2019, the Kentucky Attorney General issued a Subpoena to Bluegrass.net for the subscriber records of the observed IP address. A short time later, Bluegrass reported the subscriber was the Fleur de Lis building at 324 East Main Street, Louisville, Kentucky.

7. On October 8, 2019, the UNSUB sent an Uber to pick up the UC at a predetermined location in order to deliver the UC to a location specified by the UNSUB (*i.e.*, 324 East Main, Louisville, Kentucky). The stated purpose of the trip was for the UNSUB to perform sex acts with the minor UC persona.

8. Undercover LEOs followed the UC in the Uber to the destination specified by the UNSUB. While in route, the Uber driver advised the UC (at this point a female member of law enforcement), that he (the driver) had been directed to drop off the rider at 324 East Main Street, Louisville, Kentucky. Upon arrival at the East Main Street address, the UC (female officer using Affiant's undercover phone), was told via text message that the UNSUB would meet her at the door. Shortly after the UC arrived at the address, Joseph Samir Zakhari (XX/XX/1987), opened

the door and stated to the UC, "hey, do you want to go inside?" Law enforcement officials arrested Zakhari.

9. At the time of his arrest, Zakhari had an Apple iPhone in his possession. That phone was seized as potential evidence since both the KiK messenger application and Uber car service are accessed by mobile device.

10. After being arrested, Zakhari requested to return to his apartment to care for his dog. Law enforcement officials agreed to the request and escorted him to his apartment. Upon entry to the apartment, law enforcement officials conducted a safety sweep of the apartment. They also provided water and food for the animal. While inside the apartment, Affiant observed multiple digital devices in plain view that were capable of communicating over the Internet.

11. Zakhari was transported to the Louisville Metro Police Department Crimes Against Children Unit (CACU), Office on Kentucky Street immediately after leaving his apartment. He was recorded while in route. During the trip, Zakhari made several unsolicited comments referring to, "I don't know what's wrong with me...that's so incredibly inappropriate...I don't know what I was thinking." Zakhari also said, "I don't know why I would even do such disgusting behavior, I wasn't thinking properly".

12. After arriving at the CACU Office, Zakhari was placed in an interview room and given a bottle of water. Affiant introduced himself and advised Zakhari of the *Miranda* warning. Zakhari acknowledged that warning and agreed to answer questions. Affiant asked about the events that led up to Zakhari's arrest. Zakhari admitted that he had met a person he knew to be a minor on the KiK Messenger application. He stated he was lonely as a justification for the communications. He also admitted that the conversations with the person (UC) were sexual in

nature. He went on to repeat his earlier statement that he had made a mistake.

13. Based on the foregoing, there is probable cause to believe that on or about and between October 6, 2019, and October 8, 2019, in the Western District of Kentucky, Jefferson County, Kentucky, Joseph Samir Zakhari used a facility and means of interstate commerce, to knowingly attempt to persuade, induce, and entice an individual, who had not attained the age of 18 years, to engage in sexual activity for which a person may be charged with a criminal offense, in violation of 18 U.S.C. § 2422(b) and attempted to transfer obscene material to a person under the age of 16 years, in violation of 18 U.S.C. § 1470/

_____
Matt Hedden
Detective, Department of Criminal Investigations
Kentucky Attorney General's Office

Sworn to me this 25th day of October, 2019.

_____
REGINA S. EDWARDS
United States Magistrate Judge

RMC:JEL

5